**SALT CREEK TWP BD of ED v HOCKING CO BD of ED**

Ohio Appeals, 4th Dist, Hocking Co

Decided Mar 11, 1929

George W Christman, Logan, for Twp Board.

Eugene Wright, Logan, for County Board.

**BY THE COURT**

To adopt the view that these notices were never written in ink would be to impute to those interested in the transfer of this territory the base intentions of accomplishing this transfer without the knowledge of those concerned. Certainly it can not be found that this transfer was furtively done, for the affected territory, and indeed some territory outside the affected territory, was effectively searched for both proponents of the movement and opponents of the same. We find that notice was given according to law.

The second proposition upon which the plaintiff relied is that a majority of the electors of the affected territory duly filed a remonstrance against the proposed transfer. The difficulty in this question lies in ascertaining just how many electors there were in the affected territory and how many qualified to act in the premises actually filed a remonstrance. After examining the testimony bearing upon the qualifications of all those whose right to participate is in dispute we adopt the views of the Judge of the Court of Common Pleas, and accepting his conclusions we determine that a majority of the electors of the territory did not file a remonstrance against the proposed change.

Another question that is of considerable interest in the case is whether or not the plaintiff board of education has any right to maintain this action. There is no question that a dissatisfied elector of the affected territory would have a right to maintain an action in injunction but we are far from persuaded that the board of education, whose duty it is soley to administer the

laws relating to the public schools, has any substantial interest in keeping within its district any particular territory. As a board of education it has no property interests to be conserved and we are doubtful of its right to either expend its money or loan its name to carrying on litigation for the benefit of some of the people of its district. The question has not been raised, however, and we dispose of the question upon the facts.

The petition is dismissed.

Middleton, PJ and Blosser, J, concur.